### In re UNITED COAL RESOURCES, a Maryland Limited Partnership, Debtor.

BARCLAYSAMERICAN/BUSINESS CREDIT, INC., a Connecticut Corporation (f/k/a Aetna Business Credit, Inc., a New York Corporation), Plaintiff

v.

UNITED COAL RESOURCES, a Maryland Limited Partnership, Solomon & Teslovich, Inc., a Pennsylvania Corporation; Redstone Hauling Equipment Co., a Pennsylvania Corporation; George Solomon and George Teslovich, individually and trading and doing business as Solomon & Teslovich, a general partnership; Myra Teslovich Gaziano and Gerald R. Solomon, Defendants.

Bankruptcy No. 80–01439–BKC–JAG.
Adv. No. 80–0377–BKC–JAG–A.

United States Bankruptcy Court, S. D. Florida.

March 25, 1981.

Morris C. Brown, Brown, Malman & Salmon, Miami, Fla., for plaintiff.

John L. Britton, Britton, Cohen, Kaufman, Benson & Schantz, Miami, Fla., for defendant Solomon & Teslovich, Inc.

Herbert S. Stettin, Lapidus & Stettin, P.A., Miami, Fla., for United Coal Resources.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JOSEPH A. GASSEN, Bankruptcy Judge.

This adversary proceeding arises out of a $4.5 million secured loan made by plaintiff BarclaysAmerican/Business Credit, Inc. to co-defendant United Coal Resources ("UCR") in September, 1979. The loan proceeds were used to pay part of a $12.5 million purchase price for certain assets owned by co-defendant Solomon & Teslovich ("S&T"). The remaining cash to close the transaction between UCR and S&T was presented in the form of a $5 million cash-

ier's check issued by the Aeiola Bank and Trust Company, which instrument was subsequently dishonored. The legal issues arising out of said dishonor are the subject of the companion adversary proceeding (Adversary Case No. 80–0332–BKC–JAG) consolidated with this cause for purposes of trial only.

At trial, plaintiff presented judicial admissions and other evidence establishing that it has a duly perfected first priority security interest in all of the collateral described in plaintiff's loan and security agreement with UCR (the "collateral"). Plaintiff also offered uncontested evidence establishing that the net realizable value of the collateral only slightly exceeded the amount owing to plaintiff when this adversary proceeding was commenced. S&T has remained in possession of the collateral, and without contractual obligation to do so, S&T has made thirteen regular payments under UCR's indebtedness to plaintiff. S&T has also apparently cooperated with plaintiff in permitting it to inspect the collateral and in insuring the collateral under a policy naming plaintiff as loss payee. However, the collateral is coal mining equipment and rolling stock which depreciates in value, and S&T stopped making payments after November, 1980.

UCR has neither assets to subject to a replacement lien nor cash flow to fund a plan of periodic payments, and accordingly, it had relied on the contention that plaintiff's claim is adequately secured by its lien on the collateral. However, plaintiff has established that after consideration of selling expenses, the equity cushion in this case is minimal. This cushion is deteriorating as the collateral depreciates and the interest arrearages accumulate. Further, although S&T has cooperated with plaintiff thus far, it has not executed an agreement to maintain or insure the collateral and allow plaintiff to inspect the collateral and the results of its operations. Plaintiff is not receiving the benefit of its bargain with UCR in this situation. Therefore, continuing the automatic stay in this cause will entail some risk to plaintiff's secured claim, as compared with an immediate liquidation.

S&T has proposed in its briefs and during oral argument to make periodic payments to plaintiff, and to agree to the terms of plaintiff's loan documents with respect to maintaining and insuring and permitting inspection of the collateral and its business records.

The court finds that plaintiff's secured claim will be adequately protected for ninety days if it receives the payments and benefits set forth in paragraph 5 of the separate Final Judgment entered this date. The court will not modify the automatic stay for ninety days except as otherwise provided in the Final Judgment.

The court will retain jurisdiction over this cause to enforce its Judgment and to consider any further applications for adequate protection from plaintiff. A separate Final Judgment as required by B.R. 921(a) is being entered this date.

## FINAL JUDGMENT

This cause having come before the court at trial and the court having been fully apprised in the premises, it is hereby

ORDERED and ADJUDGED that:

1. The court's Findings of Fact and Conclusions of Law of even date herewith are incorporated by reference into this Final Judgment.

2. Plaintiff has a duly perfected first priority security interest in all of the collateral (the "collateral") described in its general loan and security agreement with United Coal Resources (Plaintiff's Exhibit No. 4).

3. Defendants have no counterclaims, off-sets, or valid defenses with respect to plaintiff's secured claim.

4. Plaintiff will not be adequately protected unless it receives the periodic payments set forth in paragraph 5(a) and compliance by Solomon and Teslovich with the provisions of paragraph 5(b) of this Final Judgment.

5. The automatic stay provided under Bankruptcy Code § 362 shall be vacated as against plaintiff unless (a) plaintiff receives

payments of $175,000, $175,000 and $175,000 on April 10, May 1, and June 1, 1981, respectively, each of which payments shall be applied as follows: $76,250 to principal payments due April, May and June, 1981 and the balance first to accrued interest and then to arrearages in principal payments; and (b) Solomon & Teslovich complies with the loan requirements that borrower maintain and insure the collateral, accounts to plaintiff for the proceeds of any sale thereof, and permits plaintiff to inspect the collateral and its business records relating thereto.

6. If either (i) Solomon & Teslovich fails to comply with the provisions of paragraph 5(b) of this Final Judgment, or (ii) any payment required to be made under paragraph 5(a) of this Final Judgment is not received by plaintiff within ten days after the same is due, then plaintiff may avail itself of the default remedies described in paragraph 8 hereof.

7. United Coal Resources is directed to issue a notice to its creditors forthwith, stating that Solomon & Teslovich will be granted a lien in the assets conveyed by Solomon & Teslovich to United Coal Resources, junior only to the lien of plaintiff, BarclaysAmerican/Busines Credit, Inc. in said assets. The lien granted Solomon & Teslovich shall attach to all such assets heretofore conveyed by Solomon & Teslovich to United Coal Resources, whether or not pledged to plaintiff, BarclaysAmerican/Business Credit, Inc. Such lien shall secure any and all payments made by Solomon and Teslovich under paragraph 5 of this Final Judgment. If, and only if, a party in interest shall object in writing filed and served on or before April 10, 1981 which shall be specified in the aforesaid notice to creditors, to the granting of such lien to Solomon & Teslovich, then and in that event, a hearing shall be held before this court on *Thursday, April 16, 1981, at 2:00 p. m., in Courtroom No. 1410, Federal Building, 51 S.W. First Avenue, Miami, Florida*, at which time the Court shall hear and consider any such objection.

8. In the event of noncompliance with the terms of this Final Judgment, plaintiff may submit to the court for entry an order to show cause why the automatic stay should not be modified forthwith or the collateral expeditiously sold.

9. The Court hereby retains jurisdiction over the parties and the subject matter of this action to enforce the terms of this Final Judgment, and to consider any further applications for adequate protection made by plaintiff.